IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-53,836-02






EX PARTE RANDOLPH MONSOOR GREER








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 602461 IN THE 228
TH DISTRICT COURT


HARRIS COUNTY






Per Curiam. 




O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

 In June 1992, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim.
Proc., and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Greer v. State, No. 71,533 slip op.
(Tex. Crim. App. Oct. 26, 1994) (unpublished). Applicant's initial application was
received in this Court on October 7, 2002, and relief was denied by written order dated
November 27, 2002.

 In a single allegation in this subsequent application, applicant asserts that newly
discovered evidence of serious protocol problems in the handling and preserving of DNA
evidence at the Houston Police Department crime lab reveals that the State destroyed
evidence that could have rebutted the claim that applicant's blood was at the crime scene. 
Applicant relies upon Arizona v. Youngblood, 488 U.S. 51 (1988).

 We have reviewed the application and find that the allegations satisfy the
requirements of Article 11.071 § 5. Accordingly, we remand the application to the trial
court for consideration of applicant's claim. Because this Court does not hear evidence,
we remand to the trial court for a live evidentiary hearing at which both the State and
applicant may introduce documentary evidence and witness testimony. Following receipt
of the evidence, the trial court shall make any findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of this subsequent application. A
supplemental transcript containing all documentary evidence and the transcription of the
court reporter's notes from all hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court.

 IT IS SO ORDERED THIS THE 14TH DAY OF SEPTEMBER, 2005.


Do Not Publish